**MILLER, Plaintiff-Appellant, v. JACKSON, Defendant-Appellee.**

Ohio Appeals, Seventh District, Columbiana County.

No. 699.  Decided December 8, 1951.

Harry Brokaw, East Liverpool, for plaintiff-appellant.
Brookes, Lynch & McDonald, East Liverpool, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appealed to this court on questions of law from a judgment of the court of common pleas entered upon a special jury verdict returned for defendant in plaintiff's action against him to recover damages for personal injuries.

The evidence discloses that during daylight, about 4:30 or 5:00 o'clock, on the afternoon of December 31, 1949, plaintiff, aged sixty-nine years, was crossing from the easterly to the westerly side of Eighth Street (Ohio State Route 7), an improved, duly dedicated, public highway of the city of East Liverpool and State of Ohio, approximately where Division Street leads off therefrom to the north, when she was struck by an automobile operated by defendant in an easterly direction thereon at a speed estimated by various witnesses between fifteen and twenty-five miles per hour.

Plaintiff testified that before attempting to cross Eighth Street, where the evidence discloses, and the jury found, she had an unobstructed view to the west of 555.7 feet to a traffic light, she looked in both directions thereon, and that there was no traffic approaching from either direction; that at that time her bodily movements were normal and unrestricted; and that as she started across Eighth Street she was hurrying.

Defendant testified that as he travelled the 555.7 feet distance from the westerly traffic light, where he had stopped, to the point where plaintiff was struck, where there was a traffic light not in operation, he was following another automobile; that that automobile veered right toward the south curb and stopped, as if to park; that as he drove around it he observed plaintiff immediately in front of the stopped automobile, and rushing directly into the path of travel of his automobile; that he "pulled" his automobile to the left, or north, side of Eighth Street to avoid striking plaintiff, but as west bound traffic was approaching he was forced to operate his automobile to the right, or south, side of Eighth Street, and at that moment plaintiff ran into the side of his automobile, slightly indenting the rear of the right front fender.

Plaintiff contends that the trial judge erroneously charged on plaintiff's contributory negligence, since contributory negligense was not raised by the pleadings nor shown by plaintiff's evidence.

Apparently plaintiff's contention on this question is, as counsel for defendant states by brief: "In other words, plaintiff urges that if she can so control her evidence that no

evidence of negligence on her part be permitted to there appear, then the rules of the game forbid the jury to consider the defendant's evidence of plaintiff's negligence, no matter how devastating such evidence may be." Defendant contends "plaintiff's evidence certainly did raise a presumption of her negligence."

Defendant's contention is supported by the case of **Detroit, Toledo & Ironton Rd. Co. v. Rohrs, 114 Oh St 493 at 502,** where it is said:—

"When he says he did look, and the conditions established the fact that any one who' looked would have seen, then, if he says he did not see, his own evidence establishes the fact that he did not look, though he may think he did."

Further the supreme court has held:—

"* * * the burden of proof rests upon the plaintiff; and if upon the entire case the plaintiff's proof upon the issue of defendant's negligence is fully balanced or left in equipoise obviously a preponderance cannot exist." **Bradley v. The Cleveland Ry. Co., 112 Oh St 35 at 40.**

Clearly "if contributory negligence is not made an issue by the pleadings, but is developed by the evidence, it becomes the duty of the court to charge the jury in respect to that issue." **Bradley v. Cleveland Ry. Co., 112 Oh St 35 at 39.**

In our opinion plaintiff's evidence was such as to warrant the trial judge charging on the issue of contributory negligence.

Next plaintiff contends that the trial judge erred to her prejudice by not charging on the issue of defendant's assured clear distance ahead as he approached the place where plaintiff was struck.

In the case of **Smiley v. Arrow Spring Bed Co., 138 Oh St 81,** the controlling case on the question of assured clear distance ahead, the supreme court said that the general statute is not applicable if defendant's "assured clear distance ahead is suddenly cut down or lessened, without his fault, by the entrance within such clear distance ahead and into his path or line of travel of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith."

In the more recent case of **Erdman v. Mestrovich, 155 Oh St 85,** the supreme court said:—

"Where a pedestrian crossing a street intersection enters the path or lane of travel of a motor vehicle approaching the intersection at a right angle to the path of the pedestrian and the pedestrian by his act enters suddenly the vehicle operator's assured clear distance ahead, at a point less distant than the forward limit thereof, and is struck by the

vehicle, a charge to the jury in a personal injury action by the pedestrian against the operator predicated on a violation of the assured-clear-distance-ahead rule should not be given, unless there is evidence tending to show that the pedestrian came into the operator's assured clear distance ahead at a point sufficiently distant ahead of the motor vehicle as to have permitted the operator, in the exercise of ordinary care, to have stopped his motor vehicle before striking the pedestrian."

In our opinion the evidence in the case we review justified the trial judge refusing to charge the jury on the issue of defendant's assured clear distance ahead.

In response to defendant's request for a special verdict the trial judge, erroneously plaintiff claims, submitted a list of fifty-three questions prepared by him, constituting a special verdict, to the jury as part of his charge, which will be disposed of hereafter herein, among which was question number 24, affirmatively answered by the jury, inquiring as to whether defendant was not crossing Eighth Street on a marked crosswalk.

" 'Crosswalk.' (a) That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs, or in the absence of curbs from the edges of the traversable roadway." **Secs. 6307-2 GC.**

As to whether and how plaintiff crossed Eighth Street, on direct examination, plaintiff said she crossed it from "that telephone pole there, I stopped right there, and that is where I started across to go straight across to this hill. * * * I was going from this pole to that like I was going from this pole here to that pole there." On cross-examination she testified that she started across Eighth Street "on the upper side" (westerly) of the pole.

There is no evidence of a marked, nor defined, cross-walk where plaintiff was struck. The evidence is such that the jury well could have found, without returning a verdict against the manifest weight of the evidence, that the pole to which plaintiff refers in her testimony was not within the extension of the theoretical crosswalk with westerly property line of Division Street. There is no evidence that at any time in her journey from the easterly side of Eighth Street to the place thereon where she was struck that plaintiff was within such theoretical crosswalk.

The verdict of the jury on this issue of the case we review was not against the manifest weight of the evidence.

In the interest of accuracy we quote from the brief of plain-

tiff's counsel his contention with reference to the submission, by the trial judge, to the jury of "a list of fifty-three questions covering almost every phase of both law and fact," prepared by the trial judge, to which plaintiff's counsel objected "mainly because they were a mixture of law and fact and because we (the) court made the questions themselves a part of his charge. As we understand it, a special verdict is founded on questions or issues of fact only. The object of a special verdict is to separate law and fact. The one for the jury, the other for the court. Here the questions of law and fact were thoroughly mixed." (sic).

The office of a special verdict is to find sufficient ultimate facts to enable the court, unaided by the evidence, to apply the appropriate law thereto and render judgment.

"If as a matter of fact the special verdict states essential facts apart from the conclusions of law, upon which a judgment may be founded" a special verdict "which contains some conclusions of law is" not "thereby invalidated." **Noseda v. Delmul, 123 Oh St 647** at **651.**

"The jury are the exclusive judges of the facts, but they should be required to return as their conclusions from the evidence the ultimate facts in the case and not a recital of the evidence. However, the inclusion of evidence supporting facts found in a special verdict will not render it defective if ultimate facts are found which warrant a judgment. Nor are conclusions of law proper in a special verdict, and they must be disregarded just as are evidentiary matters. They do not destroy the effect of ultimate facts found, and if those are sufficient to sustain a judgment the special verdict should stand." **Dowd-Feder Co. v. Schreyer, 124 Oh St 504** at **515.**

The jury answered affirmatively question 16, "Was the defendant driving his automobile with that degree of care which a person of ordinary prudence would have exercised under the same or similar circumstances?" Obviously the jury did not answer question 17 "If your answer to the last question was no, then state in what manner the defendant failed to use ordinary care."

Defendant contends "these two questions, and the response of the jury to them, were dispositive of the case."

"The burden of proof was upon the plaintiff here to establish the material allegations of the petition." **Noseda v. Delmul, 123 Oh St 647** at **653.**

The jury found that plaintiff had not sustained her burden, and with that finding we can not interfere.

We concur in defendant's contention that the jury's answers

to question 16 disposed of plaintiff's cause of action, and were it not for the fact that a statutory duty is imposed upon this court we would not have disposed of plaintiff's assigned grounds of error as we have done.

In our opinion, the charge of the trial judge reveals no superfluous instructions to the jury. However, if it did it was plaintiff's duty to identify any such superfluous instruction and to show she was prejudiced thereby, which she has failed to do.

The judgment of the court of common pleas must be and hereby is affirmed.

NICHOLS, PJ, GRIFFITH, J. concur.